Keith C. Bower, Esq.
State Bar No. 135243
Law Offices of Keith C. Bower
900 Lafayette Street, Suite 706
Santa Clara, CA 95050
Telephone: 408/261-1200

Attorney for Plaintiff
SIMANTIS, INC.

ENDORSED

2007 OCT 24 P 3: 30

D. Wendel

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

[UNLIMITED JURISDICTION]

| | |
|---|---|
| SIMANTIS, INC. (a California corporation), <br><br> Plaintiff, <br><br> vs. <br><br> KARTHIK BALASUBRAMANIAN and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR BREACH OF CONTRACT, INTERFERENCE WITH ECONOMIC ADVANTAGE AND DEFAMATION |

### GENERAL ALLEGATIONS

1.  Plaintiff SIMANTIS, INC., a California corporation (hereinafter "plaintiff"), is informed and believes and alleges that defendant KARTHIK BALASUBRAMANIAN is an individual. The true names and capacities, whether individual, corporate, associate or otherwise of defendants sued herein as DOES 1 through 20, inclusive, are unknown to plaintiff, who, therefore, sues said defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained. Any reference within this complaint to defendant or defendants (whether Doe or otherwise) is intended to include, by way of such reference, all defendants, including the named defendant herein. Plaintiff is informed and believes, and thereon alleges that each of the said defendants herein is responsible and liable in some manner for the occurrences herein alleged

1  or upon the agreement hereinafter alleged and that plaintiff's damages as herein alleged were
2  legally caused by their conduct.

3      2.    The agreement hereinafter alleged was entered into between plaintiff and
4  defendants within the State of California, County of Santa Clara. The wrongful conduct
5  hereinafter alleged and the damages that flowed therefrom all occurred and were suffered
6  within the State of California, County of Santa Clara.

7      3.    At all times mentioned, all of the defendants, and each of them, were the agents
8  of each of their co-defendants and were acting, at all times, within the course and scope of said
9  agency. Each of the defendants knowingly conspired among themselves to commit the
10 wrongful acts described in detail hereinbelow.

11     4.    On or about May 17, 2006, plaintiff and defendants entered into a written
12 employment agreement wherein defendants agreed to perform certain high technology work for
13 plaintiff and agreed to be placed at plaintiff's customers' instance for the purposes of providing
14 plaintiff's customers and clients with reliable and effective high technology services. A true
15 and correct copy of the employment agreement herein alleged is attached hereto as Exhibit A.

16     5.    The employment agreement provided for termination on the part of defendants
17 upon giving 30 days' written notice to plaintiff. Further, the agreement provided for an award
18 of liquidated damages in the event that defendants left their employment with plaintiff before
19 the first anniversary of defendants' first work day with plaintiff.

20     6.    Within the last four years defendants, and each of them, breached the above-
21 referenced employment agreement by (a) abruptly terminating their employment with plaintiff
22 without giving the requisite 30 days' notice of termination and (b) terminating their
23 employment with plaintiff within one year of their first work day. Defendants' conduct in this
24 regard not only constituted a breach of the employment contract but was wrongful as
25 hereinafter alleged.

26 **FIRST CAUSE OF ACTION**
27 (Breach of Contract)

28     7.    Plaintiff incorporates by reference all of the allegations contained in the

---
COMPLAINT FOR BREACH OF CONTRACT, ETC.
2

1  "General Allegations" section of this complaint *supra*.

2  8.  Plaintiff duly performed all of the conditions, terms and promises required to be performed on its part under the agreement above-referenced.

4  9.  As a direct and legal result of said defendants' breach of the agreement hereinabove alleged, plaintiff has been damaged in the sum and in an amount according to proof at trial in excess of the jurisdictional minimum of this Court.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

### (Negligent Interference With Prospective Economic Advantage)

10.  Plaintiff incorporates herein by reference all of the allegations contained in the "General Allegations" section of this complaint as though fully set forth herein.

11.  On or about the last four years plaintiff entered into a written services contract with a third party client and customer, TechForce, whereby plaintiff undertook to provide highly skilled, high technology workers, such as defendants, to perform high technology services for the benefit of client and client's high technology projects. In fact, defendants knew that they were to be placed to perform sensitive and timely high technology services for this third party client's benefit and were aware that client's project upon which defendants were working would be substantially disrupted if defendants did not comport themselves within the standard of care as to termination of their employment obligations with plaintiff as set forth within the agreement hereinabove alleged. Defendants knew, or should have reasonably known, that failure to provide thirty days' notice of termination of their employment as required by the contract would result in such disruption and would harm plaintiff's economic and contractual relationship with said third party. Defendants were informed, and should have reasonably known, that their failure to provide the requisite notice of termination could subject plaintiff to liability under the terms of plaintiff's relationship with the third party client above referenced.

12.  Defendants nevertheless negligently and otherwise failed to furnish appropriate notice of termination of their employment with plaintiff, which standard of conduct was

1  established by the contract above-referenced. Defendants failed to take ordinary precautions to
2  prevent and guard against harm to plaintiff's advantageous economic relationship with its third
3  party client above-referenced.

4      13.    As a result of defendants' negligence in failing to provide adequate notice of the
5  termination of their employment with plaintiff, plaintiff's advantageous economic and
6  contractual relationship with its third party client suffered irreparable harm. As a legal result of
7  defendants' negligent conduct, plaintiff has suffered actual damages in excess of the
8  jurisdictional minimum of this Court.

## THIRD CAUSE OF ACTION

### (Defamation)

11      14.    Plaintiff incorporates herein by reference all the allegations contained within the
12  "General Allegations" section of this complaint as though fully set forth herein.

13      15.    Within the last four years, defendants, and each of them, defamed plaintiff.

14      16.    By way of this defamation, defendants, and each of them, slandered plaintiff by
15  false and unprivileged verbal publication which imputed to plaintiff conduct which injured
16  plaintiff in respect to plaintiff's office, profession, trade and business by imputing to plaintiff
17  general disqualification in those respects which the office and occupation peculiarly required
18  by indication that plaintiff does not pay its employees on time or in conformance with
19  California or federal law. Specifically, defendants, and each of them, repeatedly announced
20  that plaintiff did not pay its employees.

21      17.    Defendants' conduct has, indeed, resulted in harm to plaintiff's reputation in
22  trade and, at the very least, has resulted in "nominal damages" as that terms is referenced
23  within approved jury instructions and the California Civil Code. In addition, plaintiff is
24  informed and believes and thereon alleges that defendants' conduct was in this regard
25  malicious, oppressive, and in total disregard of plaintiff's interests and rights. Further from
26  this, plaintiff is entitled to punitive damages as a consequence of defendants' actual malice as
27  that term is defined within the California Civil Code. All of which damages exceed the
28  jurisdictional limit of this Court.

18. All of the above-referenced statements made by defendants were absolutely false, published by defendants with actual malice and with the intent to harm plaintiff.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For contract damages; according to proof;
2. For reasonable attorney's fees.

### ON THE SECOND CAUSE OF ACTION

1. For general and special damages in an amount to be proven at trial (and well in excess of the $25,000.00 jurisdictional limit of this Court);
2. For other consequential damages according to proof at the time of trial.

### ON THE THIRD CAUSE OF ACTION

1. For nominal, consequential and other compensatory damages according to proof at the time of trial; and
2. For punitive damages.

### ON ALL CAUSES OF ACTION

1. For costs of suit herein; and
2. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF KEITH C. BOWER

Dated: October 23, 2007            by: _____

Keith C. Bower, Esq.
Attorney for Plaintiff
SIMANTIS, INC.