

Employment Agreement

SiMantis Inc.                                             A DESIGN SERVICES COMPANY

(e) The Company shall withhold all payroll taxes, including all federal, state, and other taxes as required by law. Employee shall be responsible for filing individual tax returns etc. and for paying other additional taxes if necessary.

(f) Company shall provide such insurance coverage as it regularly provides to all other employees of similar position, including workman's compensation coverage.

(g) Employee hereby agrees to work for the Company for a minimum period of one year, thereby enabling the Company to recover its costs in training, transporting, marketing, legal fees, and placing the Employee at Company's place of business.

(h) If Employee voluntarily leaves his/her employment with the Company before the first anniversary of Employee's first work day with the Company, Employee agrees to compensate the Company for Company's costs in training, transporting, marketing, legal fees, and placing the Employee at Company's place of business. In such case, Employee shall compensate Company as indicated in Exhibit "A".

(i) If Employee becomes engaged by any client of Company ("Client") or any affiliate of such client within one year after the termination of Employee's employment with the Company, on a permanent or temporary basis, as an employee, consultant, agent or otherwise, then Employee shall pay the Company upon demand a placement fee of 30% of the compensation to be received from Client (or its affiliate) by Employee for the first year of such engagement, unless waived in writing by Company.

**Ownership of Employee's Work Product:**
(a) Employee hereby absolutely and unconditionally assigns to Company Employee's entire right, title and interest, in the Work Product, including all patents, copyrights, trade secrets, and other proprietary rights, in or based on the Work Product. All work performed by Employee pursuant to this Agreement shall be considered work for hire and all rights, titles, and interests flowing from such doctrine shall belong to the Company. The Company in turn, may assign all its rights, titles, and interests to such Work Product to its extent in which event Company's client may own all such rights, titles, and interests.

(b) Employee shall execute and aid in the preparation of any papers that the Company considers necessary or helpful to obtain or maintain any patents, copyrights, trademarks, or other proprietary rights at no charge to Company but at Company's expense. The Company shall reimburse Employee for reasonable out-of-pocket expenses incurred in connection therewith. The Company shall be completely free to assign, sell, or otherwise transfer any of its rights in whole or in part, to any intellectual property to any third party in which event Company shall so inform Employee in writing and Employee may then be obliged by such third party to execute such documentation at Company's and/or the third party's expense as may be deemed necessary.

**Confidential Information:**
(a) During the term of this Agreement and for five (5) years thereafter, Employee shall not use or disclose to others without Company's written consent Company's confidential information (including confidential information received from any third party), except when reasonably necessary to perform the services under this Agreement. "Confidential information" is limited to the following:

   (1) any written or tangible information stamped "confidential," "proprietary," or with a similar legend, or
   (2) any written or tangible information not marked with a confidentiality legend, or information disclosed orally to Employee, that is treated as confidential when disclosed and later summarized sufficiently for identification purposes in a written memorandum marked "confidential" and delivered to Employee within thirty (30) days after the disclosure.
   (3) any written or oral information disclosed through whatever media relating to any customer's technology, financials, business or marketing strategies, etc., obtained or acquired while working at a customer site or while working on a customer project.
   (4) All material in whatever medium designed or developed by Employee pursuant to this Agreement, including any software, hardware, designs, diagrams, specifications, etc., and all sources performed by Employee pursuant to this Agreement shall be considered Confidential Information. Further, all information

995 Lafayette St. Suite 207 Santa Clara, CA 95050 Phone: 408 243-5401 Fax: 408 243-4931
www.simantis.com

Employment Agreement

SiMantis Inc.                                                                                                    A DESIGN SERVICES COMPANY

concerning the existence of this Agreement and the existence of any business relationship between the Company and the Employee shall be kept in the strictest confidence.

(5) Employee shall not use for her/his own for any other third person(s) benefit, directly or indirectly, any Confidential Information without prior written consent from the Company.

(b) Employee shall have no obligation not to disclose or use any information that:

(1) was in Employee's possession or known to Employee without an obligation to keep it confidential before such information was disclosed to Employee by Company or client;

(2) is or becomes public knowledge through a source other than Employee and through no fault of Employee;

(3) is independently developed by or for Employee;

(4) is disclosed by Company to others without any restriction on use and disclosure;

(5) is or becomes lawfully available to Employee from a source other than the Company.

(c) Employee shall not disclose to the Company any information or material that is confidential or is a trade secret of any third party. Nor shall Employee use any third party's trade secret or other confidential information for any purpose that is not specifically authorized in writing by each third party.

(d) It is expressly understood that all correspondence whether by e-mail, fax, or in any other manner, sent or received by Employee from Company's premises whether or not related to Employee's responsibilities, shall be subject at Company's sole discretion to checking, retrieval and/or storage or destruction. Employee hereby expressly waives all privacy rights regarding such correspondence.

(e) The provisions of this clause 6 shall survive any termination of this Agreement.

7. **Assignment of Intellectual Property Rights:**

(a) Employee agrees to assist Company, or its designee(s), at Company's expense, in every proper and lawful way and manner, to secure and/or to perfect Company's rights in any inventions, patents, copyrights, trade secrets, mask work rights, or other intellectual property rights thereto, in any and all countries, including the disclosure of all pertinent information and data with respect thereto. Employee agrees to execute any and all applications, specifications, oaths, assignments and any and all other instruments which the Company may deem necessary in order to apply for and obtain, and/or in order to assign and convey same to the Company, its successors, assigns, and nominees, the sole and exclusive rights, titles and interests, in and to all inventions, patents, copyrights, trade secrets, mask works, or other intellectual property rights relating thereto, residing from this Agreement.

(b) Employee hereby designates Company as Attorney-in-Fact to speak and act in Employee's stead and to execute through its authorized representative, all such documents as may be required in order to apply and/or to make and/or perfect Company's claim in and to any inventions, patents, copyrights, trade secrets, trade marks, and any other intellectual property rights.

(c) However, Employee shall not be obliged to assign to Company any rights to any invention as would be qualified under Section 2870 of the California Labor Code which generally provides that inventions developed by an Employee entirely on employee's own time and without using employer's facilities, trade information, or equipment may not be assigned to employer provided that (1) the invention does not relate at the time of conception or reduction to practice of the invention to employer's business or employer's actual or demonstrably anticipated research or development and (2) does not result from any work performed for employer.

(d) Employee shall inform Company, directly and promptly of any invention that Employee believes meets the exemption criteria from assignment under Section 2870 of the California Labor Code.

800 Lafayette St. Suite 209 Santa Clara, CA 95050 Phone: 408-249-4500 Fax: 408-249-4501
www.simantis.com

S. Inc 2001 R 4.1 PM                                                                                                                                            6 of 11

Employment Agreement

SIAtnLIS Inc.                                              A DESIGN SERVICES COMPANY

8. **Non-compete Clause:**
Employee agrees that during performance of services required by this agreement and for one year after termination, Employee shall not work directly or indirectly, without the prior written authorization from the Company, at any present or potential customer site within California, or work with a known competitor of Company. Employee shall not directly or indirectly, induce or solicit any person working for Company, whether or not such person is a Company's employee, to leave Company's employment, or to also work elsewhere, or otherwise interfere in any manner with such person's work with the Company during such duration that this clause remains effective.

9. **Term of Agreement**
This Agreement will become or be deemed to have become effective on the date indicated in the introductory paragraph of this Agreement, and will remain in effect until terminated as set forth in the section of this Agreement entitled Termination of Agreement.

10. **Termination of Agreement**
(a) This Agreement is an agreement at will and may be terminated by Company with or without cause, upon giving fifteen (15) days' written notice to the Employee. Employee may terminate this agreement, upon giving thirty (30) days' written notice to Company.

(b) If at any time after commencement of the services required by this Agreement, if the Company shall determine, in its sole reasonable judgment, that such services are inadequate, unsatisfactory, no longer needed or substantially not conforming to the descriptions, assurances or required level of skill, Company may terminate this Agreement immediately with written notice to Employee.

(c) If Employee does not work or perform under the direction and supervision of Company [Section 4 (b)], or is unwilling to move to another location within the United States [Section 4 (e)], or does not work in the Company's sole and reasonable discretion, to the best of his/her ability [Section 4 (d)], Company shall be entitled in each one of such instances, to terminate this Agreement with immediate effect.

(d) Upon termination of this Agreement for any reason, each party shall be released from all obligations and liabilities to the other occurring or arising after the date of termination except as otherwise provided for in this Agreement. However, any termination of this Agreement shall not relieve Company from the obligation to pay Employee for services rendered prior to the termination date of this Agreement, or Employee from his obligations to the Company as specified in Exhibit 'A'.

11. **Return of Materials:**
Upon termination of this Agreement, Employee shall promptly return to Company all data, materials and other property of the Company.

12. **Warranties and Representations:**
Employee warrants and represents that:

(a) Employee will not knowingly infringe upon any copyright, patent, trade secret or other property right of any form or company, employee or third party in the performance of the services required by this Agreement.

(b) Employee has the authority to enter into this Agreement and to perform all obligations hereunder, including, but not limited to, the grant of rights and licenses to the Work Product and Background Technology and all proprietary rights therein or based thereon.

(c) Employee has not granted any rights or licenses to any intellectual property or technology that would conflict with Employee's obligations under this Agreement.

13. **Indemnities:**
Employee agrees to indemnify and hold harmless Company against all losses, damages and liabilities, whether claimed by Company, Company's customer, and/or by any other third party, arising out of or resulting from all injuries or death or damage to person or property, including theft, on account of negligent or faulty performance of work or services by Employee.

900 Lafayette St Suite 707 Santa Cruz CA 95060 Phone 408 221 4500 Fax 408 243 4691
www.simpnts.com

Employment Agreement

SiMantis Inc.                                                                A DESIGN SERVICES COMPANY

**14. Disputes:**
Any dispute arising under this Agreement shall be subject to binding arbitration. Such proceedings shall be held in Alameda County, California, and the laws of California shall govern this Agreement. The prevailing party shall be entitled to reasonable attorney's fees, in addition to all damages, costs and expenses as may be awarded.

**15. General Provisions:**
(a) This is the entire and the only Agreement between the parties hereto, and all other representations by any party shall be deemed to be invalid and unenforceable. Any modifications to this Agreement shall be in writing and signed by both parties.

(b) If any provision of this Agreement is held by a court of competent jurisdiction to be void, invalid, or unenforceable, the remaining provisions will continue to have full force and effect.

(c) All notices and communications required or permitted under this Agreement shall be in writing and shall be deemed given when delivered personally, or five days after being deposited in the United States mail, postage prepaid and addressed as provided hereinabove in this Agreement.

(d) Failure to enforce any right shall not be deemed to be a continuing waiver in the future of that right or any other right.

(e) This Agreement is in the nature of a personal services contract and Employee shall not have the right or power to assign any of Employee's rights, duties or obligations under this Agreement. Any such assignment shall be void and invalid from the start and may not be enforced against the Company.

(f) The parties hereto intend this Agreement to be an employment contract whereby the Company is the employer which is hiring the Employee.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement through their authorized representative, at CHENNAI, INDIA.

Employee:

By: Karthik Balasubramanian

Address: No 215, 9th B main,
HRBR Layout, 3rd block,
BANGALORE - 560043, INDIA

Date: 15th May 2006

Signature: _____

For and on behalf of
SiMantis, Inc. (Company):

By: Sasan Imam

Title: President

Address: 900 Lafayette St, Suite 707
Santa Clara, CA 95050

Date: _____

Signature: _____

900 Lafayette St, Suite 707 Santa Clara, CA 95050 Phone: 408-243-4400 Fax: 408-243-4401
www.simantis.com

